Strong J.
being of opinion that the evidence was not sufficient to support the action, ordered a nonsuit. To this opinion and order the plaintiffs filed their exceptions.
Bigelow and Brooks, for the plaintiffs, admitted the principle, that one partner could not generally sue another before a settlement of the partnership accounts ; but they said that the rule had not been enforced so strictly in this country as it was in England; and contended that even in England an action would probably lie where there was an express promise to pay, and that the circumstances of this case were equivalent to an express promise. There was a tacit request, at the meeting of the company, to the plaintiffs to give their note in order to raise the money. They cited Venning v. Leckie, 13 East, 7 ; 3 Stark. Ev. 1082. The partnership was dissolved when the business was stopped and property sold.
Newton, for the defendant. No promise on the part of the defendant, either express or implied, can be found in this case. It does not even appear that he was present at the meeting when the note was given. The only promise implied is to settle the concerns of the company. No promise by one copartner to another can be inferred from the circumstance of the latter’s having paid more than his proportion of the partnership debts. He cited Wilby v. Phinney, 15 Mass. R. 116 ; [Rand’s ed. 121, note a;] Montag. on Partn. 114, 115, et seq.

Per Curiam.

This being a case of a partnership, the concerns of which are not closed, and there being no express promise to pay, the judgment of the Court of Common Pleas, that the action cannot be maintained, was right, and is affirmed.[1]

 See Fanning v. Chadwick, 3 Pick. (2nd ed.) 423, note 1, and 424, note 1; Clark v. Dibble, 16 Wendell, 603; Williams v. Henshaw, 11 Pick. 79, and 12 Pick. 378; Marshall v. Winslow, 2 Fairfield, 58.